The **UNITED STATES**
v.
**Henry MILLER, Jr.**
**Crim. No. 26239.**

United States District Court,
N. D. Georgia,
Atlanta Division.
June 29, 1970.

**198**

Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for United States.

Clyde W. Bowen, appointed, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Defendant Miller was indicted under 26 U.S.C. § 5861(d) for knowingly possessing a firearm which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), and for knowingly possessing a firearm which did not bear a serial number as required by § 5842, in violation of § 5861(i). The defendant has filed a motion to dismiss the indictment on the ground that compliance with the above-named statutes would have incriminated him in violation of his constitutional right against self-incrimination, citing as authority therefor Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1969), in which the previous gun registration act was held unenforceable.

In *Haynes* the Supreme Court held that the registration requirement of the National Firearms Act was constitutionally unenforceable because it required registration almost exclusively by those whose possession of firearms was unlawful and it made the registration information available to use in prosecuting the registrant for that unlawful possession. In 1968, however, the Congress sought to correct this defect by requiring registration of weapons without regard to whether possession of the weapons is otherwise lawful or unlawful and by providing certain restrictions upon the use of the registration information in criminal prosecutions. *See* Conference Report No. 1956, 3 U.S.Code Cong. & Admin.News, 1968, p. 4435.

Under the new Act registration is a prerequisite to lawful transfer. Since the 1968 Act, unlike the old, requires widespread registration and is not aimed at a small and inherently suspect group of persons engaged in criminal activities, mere registration does not present a real and substantial danger of incrimination. *See* Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); United States v. Cobb, Criminal No. 69–19 (W.D.Tenn., Oct. 1, 1969). Furthermore, the new Act requires that the *transferor* register the weapon in the transferee's name and it therefore does not appear that the *transferee* could, in any event, claim that his own Fifth Amendment rights would be violated by compliance with the registration provisions.

Defendant in the instant case is charged with violating the law by knowingly having in his possession a gun which had not been registered by the transferor before the transfer took place and which did not bear a serial number as required by the Gun Control Act. Neither of these charges is subject to the self-incrimination defect which defendant asserts as the basis for his motion to dismiss the indictment.

Accordingly, the motion to dismiss is denied.

It is so ordered.